UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 11-30012-GAO

UNITED STATES OF AMERICA,

v.

DAVID SANTA,
Defendant.

OPINION AND ORDER
November 6, 2015

O'TOOLE, D.J.

The petitioner, David Santa, pled guilty to conspiracy to possess with intent to distribute cocaine base in the form of crack cocaine in violation of 21 U.S.C. §846 (Count I) and being a felon in possession of an interstate firearm and ammunition in violation of 18 U.S.C. § 922(g)(1) (Count III). He was sentenced to 144 months in prison on Count I and 120 months on Count III to be served concurrently, followed by six years of supervised release. He did not file a direct appeal. In July 2014, Santa, proceeding pro se, moved to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. In July 2015, Santa filed an "Attachment for Other Relief," seeking leave to amend his petition to add three new grounds for relief under § 2255.

"Postconviction relief on collateral review is an extraordinary remedy, available only on a sufficient showing of fundamental unfairness." Singleton v. United States, 26 F.3d 233, 236 (1st Cir. 1994). Relief is available where the petitioner's sentence was imposed in violation of the Constitution or laws of the United States, was imposed by a court that lacked jurisdiction to impose such a sentence, exceeded the maximum authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a); David v. United States, 134 F.3d 470, 474 (1st Cir. 1998). The petitioner bears the burden of showing that he is entitled to relief. David, 134 F.3d at 474.

Here, Santa advances four grounds for relief, each premised on claims of ineffective assistance of counsel.[1] In order to succeed on a claim of ineffective of assistance of counsel, a petitioner must demonstrate that his counsel's performance "fell below an objective standard of reasonableness" and that he was prejudiced by his counsel's deficient performance. Strickland v. Washington, 466 U.S. 668, 691-92 (1984). Strickland creates a strong presumption of reasonable professional assistance. Id. at 689.

In Ground I, Santa asserts that his attorney was ineffective for failing to challenge the use of a prior conviction in Massachusetts state court for resisting arrest as a predicate for determining that Santa was a career offender pursuant to U.S.S.G. § 4B1.1. He contends that resisting arrest is not a violent felony. However, the First Circuit has made clear that a Massachusetts conviction of resisting arrest is a prior felony conviction because it carries a punishment of up to two and one-half years in jail or the house of correction and, utilizing a categorical approach, is typically a crime of violence. United States v. Almenas, 553 F.3d 27, 31-35 & n.9 (1st Cir. 2009) (citing Mass. Gen. Laws ch. 268, § 32B); see also United States v. Weekes, 611 F.3d 68, 72 (1st Cir. 2010) (noting court's holding in Almenas that resisting arrest qualifies as a "crime of violence" under U.S.S.G. § 4B1.2).[2] Therefore, counsel's performance was not deficient for failing to challenge the predicate.

---

[1] Santa references a possible fifth ground in his petition but does not articulate or argue it.
[2] The Supreme Court's decision in Descamps v. United States, 133 S. Ct. 2276 (2013), cited by the petitioner, does not suggest otherwise. Indeed, in 2014, the defendant in Almenas moved to vacate his sentence pursuant to 28 U.S.C. § 2255, arguing that the district court erred in classifying a prior Massachusetts conviction for resisting arrest as a crime of violence in light of Descamps. United States v. Almenas, 52 F. Supp. 3d 341, 343, 345-46 (D. Mass. 2014). The district court rejected his petition, noting that while Mass. Gen. Laws ch. 268, § 32B is a divisible statute containing two alternative versions of the crime, both versions qualify as predicate crimes of violence. Id. at 346.

In Ground II, Santa claims that counsel was ineffective for failing to argue that the government could not prove that the possession of the firearm advanced or helped forward a drug trafficking crime. However, 18 U.S.C. § 922(g)(1) does not contain such an element. United States v. Pratt, 568 F.3d 11, 15 (1st Cir. 2009) (listing three elements). The case cited by the defendant, United States v. Sparrow, 371 F.3d 851, 853 (3d Cir. 2004), involves 18 U.S.C. § 924(c), a crime with which Santa was not charged.

In Ground II, Santa also seems to argue that the government cannot charge a defendant with possession of both a firearm and ammunition.[3] It is true that "simultaneous possession of multiple firearms, or a firearm and ammunition, constitutes only one crime." See United States v. Verrecchia, 196 F.3d 294, 297-98 (1st Cir. 1999) (listing cases). But Santa was only charged in the indictment with a single violation of 18 U.S.C. § 922(g). (Indictment at 4 (dkt. no. 3) (charging defendant with one count of violation of 18 U.S.C. § 922(g)(1) for possession of a handgun and thirteen rounds of ammunition).) Counsel was therefore not ineffective for failing to make the argument now suggested by the defendant.

In Ground III, Santa appears to claim that his counsel was ineffective for permitting him to enter a plea of guilty that was not made intelligently. (Mot. under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody at 7 (dkt. no. 132) ("This plea was taken intelligently [sic] by the petitioner and counsel was ineffective for letting this happen.")). Santa's generic allegations are contrary to the Court's advice and his own sworn statements made under oath during his plea colloquy.[4] (Apr. 4, 2013 Tr. of Change of Plea at 3-23 (dkt. no. 135).) Further, and significantly, Santa makes no claim that, but for counsel's alleged errors, he would

---

[3] The government does not address this aspect of Santa's claim.
[4] To the extent the defendant's claim is construed as an attack on the manner in which the plea hearing was conducted, as opposed to one of ineffectiveness of counsel, it fails for this same reason.

not have pleaded guilty and instead would have insisted on going to trial. See United States v. Mateo, 950 F.2d 44, 47 (1st Cir. 1991) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985), for the proposition that "in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial"). Counsel's performance was therefore not ineffective for "letting [his guilty plea] happen."

In Ground IV, Santa contends that his counsel was ineffective where the "Indictment failed to charge Aiding and Abetting and the statute under Title 18 Section 2." (Mot. under 28 U.S.C. § 2255 at 8; see also Pet'r's Resp. to the United States' Objection/Opp'n to Pet'r's Mot. to Vacate Sentence Pursuant to 28 U.S.C. § 2255 at 4 ("The words aid, and abets . . . were omitted from Petitioner's Indictment.").) The argument is difficult to distill. First, the indictment did allege aiding and abetting with respect to Count III. Second, to the extent the petitioner contests the manner in which the government did charge aiding and abetting (i.e., omitting the word "wilfully" from the charge), the government ultimately did not proceed under an aiding and abetting theory. Rather, the evidence proffered by the government showed, and Santa pled guilty to, actual possession of the firearm—not aiding and abetting someone else's possession of the firearm. The evidence was that police officers observed Santa "with a handgun—a semiautomatic handgun in the waistband of his pants" and later saw "his hand go from the front of his body, a handgun be thrown to the ground." (Tr. of Change of Plea at 18-19.) Therefore, counsel was not ineffective for failing to make the argument now advanced by Santa.

Finally, Santa seeks leave to amend his petition to add three new grounds for challenging his conviction and sentence. For the first time, Santa makes ineffective assistance of counsel claims based on counsel's alleged failure to: (1) investigate and challenge the existence of a conspiracy between Santa and his co-defendant; (2) investigate and challenge whether Santa was actually involved in the selling of or possession with intent to distribute cocaine base; and (3) request that Santa undergo a psychiatric evaluation regarding competency. Santa's submission was filed well over the one-year statute of limitations period applicable to § 2255 petitions. See 28 U.S.C. § 2255(f). Although claims asserted in an amended petition "relate back" to the date of the original motion if they "arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading," see Fed. R. Civ. P. 15(c)(1)(B), Santa's new claims do not "arise from the 'same core facts,'" and do not "depend upon events which are separate both in time and type from the events upon which the original claims depended." See United States v. Ciampi, 419 F.3d 20, 23 (1st Cir. 2005). Rather, the three claims assert new grounds for relief "supported by facts that differ in both time and type" and therefore do not relate back to the claims set forth in Santa's 2014 petition. See Mayle v. Felix, 545 U.S. 644, 650 (2005); see also Turner v. United States, 699 F.3d 578, 585 (1st Cir. 2012) (The relating-back "standard cannot be satisfied 'merely by raising some type of ineffective assistance in the original petition, and then amending the petition to assert another ineffective claim based upon an entirely distinct type of attorney misfeasance.'"). The new additional claims are therefore barred by the statute of limitations.

For the reasons set forth herein, the petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (dkt. no. 132) is DENIED. The petitioner's Pro Se Motion to Respectfully Move to Request Leave of This Honorable United

States District Court, Pursuant [to] Fed. R. Civ. P. 15 to Amend and/or Supplement His Currently Pending § 2255 Motion to Vacate for Cause (dkt. no. 151) is likewise DENIED.

Because the petitioner has not "made a substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2), no certificate of appealability shall issue.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.<br>
United States District Judge